IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

DUSTIN JAMES ADAMS,

    Petitioner,

v.	CASE NO. 1:06-cv-00089-MP-AK

JAMES MCDONOUGH, et al.,

    Respondents.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Doc. 1, petition for writ of habeas corpus, by Dustin James Adams. Petitioner has paid the filing fee. Respondents have filed a response, Doc. 17, and the time for filing a reply has expired without further input from Petitioner. This cause is therefore in a posture for decision. Having carefully considered the matter, the Court recommends that the petition be denied.

## BACKGROUND

Petitioner was charged in a nine-count information with a variety of crimes, ranging from armed kidnaping to child abuse while armed. He eventually pled nolo contendere to armed kidnaping, armed burglary, armed carjacking, and possession of a firearm by a prior convicted felon and was adjudicated guilty on each count. Doc. 17, Ex. A. The remaining counts were nolle prossed. The court sentenced Petitioner to a 15-year minimum mandatory sentence on Count 1 as an habitual felony offender; 15 years probation on Counts 3 and 4, consecutive to Count 1; and 3 years imprisonment on Count 5, concurrent with Count 1. Petitioner did not file a direct appeal.

Subsequently, he sought post-conviction relief pursuant to Fla. R. Crim. P. 3.850. *Id*. In his post-conviction motion, Petitioner raised the following claims: (1) that counsel was ineffective for failing to challenge the habitual felony offender sentence based on the failure of the State properly to serve him with notice of the proposed enhancement; (2) that the court erred in accepting his plea without a proper factual basis; (3) that the court erred in imposing the habitual offender sentence where the State failed properly to serve him with notice of its intent to seek the enhanced penalty; (4) the court erred when it found him guilty and sentenced him upon an information which was legally insufficient and improperly executed.

The state court denied the motion. It first found that eleven days before the change of plea, Petitioner and his attorney "were served with a notice from the State that they were seeking habitual offender status." Furthermore, counsel confirmed his receipt of the notice at the change of plea hearing, and Petitioner advised the court that "he understood that he was being sentenced as a habitual violent felony offender." The court next found that the trial court "found a sufficient factual basis [for the change of plea] contained in the police report and the Information filed in the case, and did not rely exclusively upon stipulations made by counsel." As to the third claim, the court found the allegations regarding service of the habitual offender notice to be factually unsupported. Finally, the court held that the Information, as amended, was properly signed by an assistant state attorney, who had the power and authority to sign the information, and that Petitioner had waived the issue by failing to raise it before pleading to the substantive charges.

In short, the state court denied post-conviction relief, as all of Petitioner's allegations were "conclusively refuted by the record."

Petitioner appealed this ruling, which was affirmed, *Adams v. State*, 923 So.2d 1165 (Fla. Dist. Ct. App. 2006), and rehearing was denied.

The instant petition followed. On this occasion, Petitioner raises the same four issues raised in his state court post-conviction motion.

**DISCUSSION**

Under 28 U.S.C. § 2254, a federal court may grant habeas corpus relief only if the state court adjudication

> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Under the "contrary to" clause of § 2254(d), "a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). "A state-court decision will certainly be contrary to...clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases." *Williams*, 529 U.S. at 405. A state-court decision will also be contrary to clearly established Supreme Court precedent "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [the Court's] precedent." *Id*. at 406.

Under the "unreasonable application" clause of § 2254(d), "a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [Supreme Court] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*.

at 413.  The federal court considering a habeas petition "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable."  *Id*. at 412.

Settled circuit court precedent interpreting Supreme Court decisions is not determinative of clearly established federal law.  Instead, this Court must look to the specific holdings of Supreme Court cases themselves.  If the Supreme Court has not issued a specific holding on the issue at hand, then the state court's decision is not contrary to or an unreasonable application of clearly established federal law.  *Carey v. Musladin*, ____ U.S. ____, 127 S.Ct. 649, 654, 166 L.Ed. 2d 482 (2006).

Further, in reviewing the decision of the state court, this Court must presume that the state court's factual determinations are correct, and the petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1); *see also Parker v. Head*, 244 F.3d 831, 835-36 (11th Cir. 2001).

The fact that the appellate court does not write "an opinion that explains the state court's rationale," does not detract from the deference owed to that court's decision.  *Wright v. Secretary for the Department of Corrections*, 278 F.3d 1245,1255 (11th Cir. 2002).  Under § 2254, the Court is to focus on the result of the state proceeding, not the reasoning underlying it, since all that is required for a state-court adjudication on the merits is a rejection of a claim on the merits, not an explanation.  *Id*. at 1254-55.

Furthermore, a habeas petition grounded on issues of state law provides no basis for habeas relief, as a violation of a state statute or rule of procedure is not, in itself, a violation of

the federal constitution. *Engle v. Isaac*, 456 U.S. 107, 119, 102 S.Ct. 1558, 1567, 71 L.Ed.2d 783 (1982); *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1989). This limitation on federal habeas review applies equally when a petition which truly involves only state law issues is couched in terms of alleged constitutional violations. *Branan*, 861 F.2d at 1508; *see also Johnson v. Rosemeyer*, 117 F.3d 104, 110 (3rd Cir. 1997) (errors of state law cannot be repackaged as federal errors simply by citing the United States Constitution).

> 1. Failure of counsel to challenge habitual felony offender sentence and court error in imposing habitual offender sentence based on failure of State to service habitual offender notice (Grounds 1 and 3).

In these claims, Petitioner charges that counsel was ineffective for failing to challenge the imposition of the habitual felony offender sentence and that the court erred in imposing that sentence based on the failure of the State properly to serve notice upon him. As noted, the state court found that the notice was served on counsel and Petitioner before the plea, and that both acknowledged receipt and/or knowledge of the request for habitual felony offender enhancement at the plea hearing. Those factual findings are entitled to a presumption of correctness, and as they are plainly supported in the record, Petitioner cannot overcome them. These claims are therefore without merit.

> 2. Court error in accepting plea without proper factual basis (Ground 2).

In this claim, Petitioner charges that the court erred in accepting his plea without a proper factual basis. As noted, the state court rejected this claim, finding that the record factually supported Petitioner's change of plea. It is clear that counsel stipulated that there was a sufficient factual basis for the plea, and the court found "there is a proper and sufficient factual basis stipulated to, as is contained in the Information filed and in the police report filed in this

case." The Court will not disturb those factual findings absent the presentation of clear and convincing evidence. As Petitioner has presented nothing to suggest that the state court's determination that the record factually supported the plea, that finding stands and cannot be disturbed by this Court.

3. Court error in finding Petitioner guilty and sentencing him based on legally insufficient and improperly executed Information (Ground 4).

Finally, Petitioner challenges the legally sufficiency of the Information charging him with criminal wrongdoing.

This claim was likewise fully considered by the state court and found lacking both factually and legally. This claim is without merit. The Amended Information was plainly signed by the State Attorney's agent, an assistant state attorney, and it was dated and notarized, and sufficiently advised Petitioner of the charges against him, including statutory sections he was alleged to have violated. This is patently sufficient for due process purposes. Thus, this claim is without merit.

## CONCLUSION

In light of the foregoing, it is respectfully **RECOMMENDED** that the petition for writ of habeas corpus, Doc. 1, be **DENIED**, and this cause be **DISMISSED WITH PREJUDICE**.

**IN CHAMBERS** at Gainesville, Florida, this  *12th*  day of March, 2008.

*s/ A. KORNBLUM*
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**